FILED
DEC 02 2019
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

# United States District Court
## for the
## Northern District of Ohio – Eastern Division
## Civil Division

| | |
|---|---|
| Susan Brana, Pro se'<br>Plaintiff<br><br><br>Vs<br><br><br>Martin Moravcik,<br>Defendant | Case No. 1:19 CV 2802<br>JUDGE GWIN<br>MAG. JUDGE PARKER<br><u>Complaint under 28 U.S. Code § 4101 (1)</u><br><br>Defamation<br><br>Defamation per se<br><br>Libel<br><br>Libel per se |

### COMPLAINT FOR A CIVIL CASE

Plaintiff brings this defamation action under 28 U.S. Code § 4101 (1). Plaintiff will demonstrate to this Court that the Defendant published and disseminated into the public domain on the Internet, written and verbal statements about the Plaintiff that are false, malicious, non-privileged and were the direct cause of financial loss and damage to the Plaintiff.[1]

---

[1] 28 USC 4101 – (1) Defamation.–The term "defamation" means any action or other proceeding for defamation, libel, slander, or similar claim alleging that forms of speech are false, have caused damage to reputation or emotional distress, have presented any person in a false light, or have resulted in criticism, dishonor, or condemnation of any person.

## **Parties**

**Plaintiff**

Susan Brana (aka) Susan Alt – Pro se'
3055 Ludlow Road
Shaker Heights, Ohio 44120-2812
Email: smjalt@yahoo.com
Telephone: (216)-372-6711

**Defendant**

Martin Moravcik aka Martin A. Moravchik
127 Park Valley Road
Winnipeg, Manitoba, Canada R3Y 0H5
Email: martinmoravcik@me.com
Telephone: 1 (204)-298-4211

## VENUE AND JURISDICTION

### DIVERSITY JURISDICTION 28 U.S.C. § 1332

The Plaintiff is a resident of Ohio USA, the Defendant is a resident of Winnipeg, Manitoba, Canada. The Plaintiff's damages caused by the Defendant occurred in Ohio. Therefore, this case is properly filed in this venue and federal jurisdiction.

### PERSONAL JURISDICTION

The Ohio Supreme Court held that an Ohio court may exercise personal jurisdiction over a nonresident who makes comments on the Internet concerning an Ohio resident with the intent to cause harm. The Court found that personal jurisdiction would be proper pursuant to R.C. § 2307.382(A)(3) and Civil Rule 4.3(A)(6), which allow jurisdiction and service of process over a nonresident who causes "tortious injury by an act or omission in this state." The foreseeability that statements published on the Internet would be viewed by persons in the forum state constructs "purposeful availment" in the forum state. Further, U.S. Courts exercise personal jurisdiction over individuals who enter into contracts with residents of the forum state because the requisite "purposeful availment" has occurred.

### STANDING

The Plaintiff has suffered "injury in fact" which was caused directly by the Defendant's conduct in an amount that exceeds $75,000.00. This injury is concrete and particularized in this complaint for which this Court has authority to redress in favor of the plaintiff.

### STATUTE OF LIMITATIONS

The Defendant's publishing of defaming statements about the Plaintiff on the Internet, the basis and causation of this action, have occurred within the recent months. Therefore, this claim is properly filed within the statutory time frame.

## FACTUAL BACKGROUND

In 1997, Susan Brana aka Susan Alt (hereinafter referred to as "Plaintiff"), a resident of Ohio, formed a corporation called Consolidated Growers and Processors, Inc. (hereinafter referred to "GCP" or "The Company") for the purpose of developing a business of industrial hemp. Martin Moravcik (hereinafter referred to as "Defendant") represented himself as an expert in the field of industrial hemp, traveled to Ohio to address the Ohio Farmers Association and subsequently was contracted to manage the CGP public/media relations **(Exhibit A)**. Sometime later the Defendant's contract with CGP was terminated and the Defendant has harbored "ill-will" against the Plaintiff since then.

During the short lifespan of CGP, the company entered into numerous agreements, the consummation of which, were subject to CGP procuring financing. Certain press releases describing these transactions were issued and appeared with the Defendant's name as the "media contact" because that was the job the Defendant had been contracted to perform. In January 2000, the financing fell through, CGP filed bankruptcy and all merger / acquisition contracts pending were cancelled. These transactions were properly recorded on the company's audited financial statements and reported to the EDGAR filing system for a publicly traded company **(Exhibit D)**.

In October 2019 the Plaintiff was advised by a financial consultant that an Internet search revealed disturbing information about her that had caused an investor to withdraw a financing commitment for the Plaintiff's enterprise **(Exhibit F)**. It was then that the Plaintiff discovered the Defendant had recently constructed an elaborate Web site (*howthehempwaswon.com*) for marketing himself on the Internet as an expert, speaker and educator in industrial hemp **(Exhibit B)**. Industrial hemp has recently been legalized in the USA and the Defendant's Web site demonstrates his present and ongoing purposeful availment for speaking and consulting engagements throughout the United States, including Ohio.

The Defendant's ill-will toward the Plaintiff becomes manifest in this new Web site where he falsely publishes statements that the Plaintiff committed the serious crime of fraud during her tenure as Chairman of CGP twenty years earlier. The Defendant knowingly published these false, defaming statements about the Plaintiff both in written (libel) and verbal / utterances (slander) (You Tube / Internet videos) presentations on the Internet.

Clearly, the Defendant did not anticipate that the Plaintiff might see this Web site or certainly, that she would have preserved the CGP audited financial records after all these years that disprove the

Defendant's published accusations. The Defendant was fully aware of these CGP audited financial statements while in preparation, after publication, and when issued to the shareholders.

Further, the Defendant fails to grasp that, as a company employee and shareholder, he had a "special duty" to all shareholders to alert the proper authorities at that time the Plaintiff committed the serious crime of fraud which he announces on the Internet twenty years later. By concealing such a serious crime from investors, the Defendant himself becomes complicit of this egregious offense. In fact. the Defendant did nothing twenty years ago because the serious crime of fraud, for which he falsely accuses the Plaintiff and publishes today on his Web site, did not happen.

These financial records **(Exhibit D)** are presented in this document as evidence that the Defendant recently published statements on the Internet about the Plaintiff that he knew were FLASE, non-privileged and intended to harm the Plaintiff to his benefit. "But for" the false, defaming statements that the Defendant published on his Web site, the Plaintiff would not have sustained the "foreseeable" damage described herein this complaint.

The Defendant scorned the requisite Cease and Desist Notice **(Exhibit E)** only to further mock the Plaintiff's damage he has created for her. Hence, the Plaintiff seeks redress from this court to recover the damages she suffered from the false and defaming statements published by the Defendant on the Internet with specific intent to cause harm to the Plaintiff.

## FIRST CAUSE OF ACTION
### Libel per se'
### Defamation and Defamation Per Se' (charging an infamous crime) 28 US Code § 4101(1)

Plaintiff realleges and incorporates by reference all proceeding and subsequent paragraphs as though fully set forth herein. Plaintiff is informed that on or about October 2019, the Defendant published in written narrative form (libel) and stated verbally (slander) on a video the following defamatory statement about, of, and concerning Plaintiff as a material fact:

*"And then came fraud – Susan had a different plan"* **(Exhibit D)**

Defendant published this statement on the web site **www.howthehempwaswon.com** and referred to the Plaintiff by name. Defendant intended to convey to the public that the Plaintiff conducted business in a fraudulent manner, committed the serious crime of fraud and has subsequently referred to her as a "fraudster."

5

The aforesaid defamatory statement made by Defendant was and is false and was not privileged. Defendant made said statement knowing the falsity thereof. Defendant, as an employee of the CGP, was fully aware of the company financial statements and the terms of any pending transactions contained therein. Defendant made the aforesaid defamatory statement with malice and with the intent to injure Plaintiff's name and to interfere with her business activities, in that defendant harbored ill-will toward Plaintiff.

The aforesaid defamatory statement has harmed plaintiff's business and caused investment / employment prospects to be cancelled. Plaintiff has incurred substantial expense to redress the harm she has suffered, all to Plaintiff's general and actual damages, including exemplary and punitive damages, in an amount which exceeds the jurisdictional minimum of this Court.

The evidence that disproves the Defendant's statement is attached in **Exbibit D (1).** The CGP merger with Zollig was bona-fide transaction that was properly recorded in the company audited financial statements and reported to EDGAR as legally required for public companies.

## SECOND CAUSE OF ACTION

### Libel per se'

**Defamation and Defamation Per Se' (charging an infamous crime) 28 US Code § 4101(1)**

Plaintiff realleges and incorporates by reference all proceeding and subsequent paragraphs as though fully set forth herein. Plaintiff is informed that on or about October 2019, the Defendant published in written narrative form and stated verbally on a video the following defamatory statement about, of and concerning Plaintiff:

*"Susan had put out a false press release to the world to deceive investors and she signed my name on it. This was pure and explicit fraud and I was the one who would be blamed."* (**Exhibit E**)

Defendant published this statement on the web site **www.howthehempwaswon.com** and referred to the Plaintiff by name. Defendant Moravcik understood and intended for this statement to portray to Plaintiff as a business fraud. The aforesaid defamatory statement made by the Defendant was and is false and was not privileged. Defendant published said statement on the Internet charging the Plaintiff with the serious crime of fraud knowing the falsity thereof. Defendant, as an employee of

6

CGP, was fully aware of the company financial statements. Hence, the Defendant harbored ill-will toward the Plaintiff and made the aforesaid defamatory statement with malice and with the intent to injure Plaintiff's name and to interfere with her business activities.

The aforesaid defamatory statement has harmed plaintiff's business and caused investor /employment prospects to be cancelled. Plaintiff has had to incur substantial expense to redress the harm she has suffered, all to Plaintiff's general and actual damages, including exemplary and punitive damages, in an amount which far exceeds the jurisdictional minimum of this Court.

Evidence that Defendant's published statement that the Plaintiff "issued a false press release and signed his name" is plainly false on its face. There is NO signature on this press release and the Defendant's name appeared on press releases as the company media contact because that was the job he was paid to do. Plaintiff did not "sign" (forge) the Defendant's name NOR was the press release false or issued to defraud CGP investors as Defendant states on the Internet. **(Exhibit D (1) and Exhibit E).**

## PRAYER FOR RELIEF

False statements that are innately harmful are considered defamatory per se. In the common law tradition, damages for such false statements are presumed and do not have to be proven. Defendants statements are defamatory per se as they falsely impute to the plaintiff a) allegations or imputations "injurious to another in their trade, business, or profession" and b) allegations or imputations of criminal activity or moral turpitude.

Plaintiff prays for relief from the Court as follows:
- Actual Damages in the amount of $1,000,000.00 **(Exhibit F)**
- Presumed Damages as the court may deem appropriate. Because an Internet / Google name search is an automatic mechanism to investigate persons in this cyber/social media age, the damages cannot be accurately calculated as to other missed business opportunities that resulted from such a routine search that would have led to Defendant's Web site - exposing the defaming publications about the Plaintiff.
- Punitive Damages as the court may deem appropriate; menacing behavior and wanton disregard for causing injury by publishing false, disparaging statements is a serious offense.

- For costs of suit herein incurred
- For interest on all sums awarded at the maximum allowable rate
- For such other and further relief as the Court may deem just and proper

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information and belief that the complaint (1) is not being presented for an improper purpose (2) is supported by existing law (3) the factual contentions have evidentiary support (4) the complaint otherwise complies requirements of Rule 11.

Respectfully Submitted

_____
Susan Brana (aka) Susan Alt

Dated this ____12/2/21____, 2019.