UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
SUSAN BRANA,                          :
                                      :   Case No. 1:19-cv-2802
         Plaintiff,                :
                                      :
vs.                                   :   OPINION & ORDER
                                      :   [Resolving Doc. 9]
MARTIN MORAVCIK,                      :
         Defendant.                :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Susan Brana, pro se, sues Canadian Defendant Martin Moravcik for libel.[1] Moravcik, pro se, moves to dismiss the suit for lack of personal jurisdiction.[2]

For the reasons stated below, the Court **GRANTS** Defendant Moravcik's motion to dismiss.

I. Background

In 1997, Plaintiff Susan Brana, aka Susan Alt, formed Consolidated Growers and Processors (Consolidated Growers) to promote the industrial hemp business.[3] Brana hired Defendant Moravcik to manage Consolidated Growers' public and media relations.[4]

In 1998, the parties' relationship soured and Moravcik left Consolidated Growers.[5]

Sometime later, Plaintiff Brana sought financing for an unrelated business.[6] On October 7, 2019, an investment firm cancelled its agreement to finance that unrelated

---

[1] Doc. 1.
[2] Doc. 9. Defendant also says the Court does not have subject matter jurisdiction. Because the Court does not have personal jurisdiction, the Court declines to address Defendant's subject matter argument.
[3] Doc. 1 at 4. These facts are taken from Plaintiff's Complaint and are stated in the light most favorable to Plaintiff.
[4] *Id.*
[5] Doc. 1-3.
[6] Doc. 1-6.

Case No. 1:19-cv2802
Gwin, J.

business.[7] The firm cited a website Moravcik published on which Moravcik said Brana fraudulently deceived Consolidated Growers' investors.[8]

On December 2, 2019, Plaintiff Brana sued Moravcik for libel based on his website's statements.[9] On February 3, 2020, Brana moved for default judgment.[10] On February 28, 2020, Moravcik entered a limited appearance and moved to dismiss the suit.[11] Brana opposes.[12]

## II. Discussion

Moravcik moves to dismiss Brana's suit, claiming that, as a Canadian citizen residing in Canada, the Court does not have personal jurisdiction over him.[13]

Personal jurisdiction may be general or specific;[14] here, Brana calls upon the Court's specific personal jurisdiction because her claims arise from a non-resident's contact with Ohio.[15]

Federal courts apply their forum state's law to determine if they have personal jurisdiction over a defendant.[16] Ohio's long-arm statute permits an Ohio court to exercise personal jurisdiction over non-residents for claims arising from the non-resident's Ohio transactions.[17]

---

[7] *Id.*
[8] *Id.*; Doc. 1-3.
[9] Doc. 1.
[10] Doc. 8.
[11] Doc. 9.
[12] Doc. 10. Brana supplemented her opposition. Doc. 11. Moravcik replied. Doc. 13.
[13] Doc. 9 at 1.
[14] *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1263 (6th Cir. 1996).
[15] Doc. 1.
[16] *CompuServe*, 89 F.3d at 1262.
[17] *Id.* (citing Ohio Rev. Code 2307.328(A)).

Case No. 1:19-cv2802
Gwin, J.

The Sixth Circuit applies a three-part test to determine whether a court has specific personal jurisdiction:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum to make the exercise of jurisdiction over the defendant reasonable.[18]

The Court does not have personal jurisdiction over Defendant Moravcik because Moravcik has not purposefully availed himself of acting or causing consequences in Ohio.

Plaintiff Brana argues that the Court has personal jurisdiction over Moravcik because he published statements on his website with an intent to harm her, an Ohio resident.[19] But as another district court in this circuit has noted, "merely posting a defamatory statement about the plaintiff online is not enough to hale the poster into the state where the plaintiff resides; instead, the poster's conduct must have involved the plaintiff's state in some additional way."[20]

Plaintiff Brana has identified no other connection between Moravcik's website and Ohio. Brana has alleged that Moravcik's allegedly defamatory

---

[18] *Id.* at 1263.

[19] Doc. 1 at 3; Doc. 10 at 2. Brana also argues that the Court has personal jurisdiction because of his involvement with Consolidated Growers and a recent phone call with an Ohio resident. Doc. 1 at 3, 4; Doc. 10 at 2. But Brana's cause of action is based on Moravcik's website, not these contacts. These contacts cannot satisfy the second part of the Sixth Circuit's specific personal jurisdiction test. *CompuServe*, 89 F.3d at 1263 ("Second, the cause of action must arise from the defendant's activities there.").

[20] *Vangheluwe v. Got News, LLC*, 365 F.Supp.3d 850, 857 (E.D. Mich. 2019) (citing *Air Prod. & Controls, Inc. v. Safetch Int'l, Inc.*, 503 F.3d 544, 552 (6th Cir. 2007)).

Case No. 1:19-cv2802
Gwin, J.

statements involve an international trade deal, not any specific conduct within Ohio.[21]

"[B]ecause the website was not directed toward Ohio in its content or in its target audience . . . . [Defendant Moravcik] did not purposefully avail himself in Ohio via the website . . . ."[22] The Court does not have personal jurisdiction over Moravcik.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss.

IT IS SO ORDERED.

Dated: August 25, 2020        *s/      James S. Gwin*
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE

---

[21] Doc. 1-3. *See Cadle Co.*, 123 F. App'x at 679-80 ("[W]hile the 'content' of the publication was about an Ohio resident, it did not concern that resident's Ohio activities.").

[22] *Cadle Co.*, F. App'x at 680.

-4-