UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

SUSAN BRANA,                                  :

           Plaintiff,                         :

                                    :          Case No. 1:19-cv-2802

                                    :

vs.                                           :          OPINION & ORDER

                                    :          [Resolving Doc. 16]

MARTIN MORAVCIK,                              :

                                    :

           Defendant.                        :

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this defamation case, Plaintiff sues a former business colleague. Plaintiff claims Defendant maintains a website containing false statements about the parties' two-decades-old business dealings.[1]  These statements, Plaintiff claims, have cost her to lose potential investor funds.[2]

Defendant, a Canadian citizen residing in Canada, filed a motion to dismiss the suit for lack of personal jurisdiction,[3] which this Court granted on August 25, 2020.[4]  Plaintiff now moves this Court to reconsider that order[5] and moves for judgment on the pleadings.[6] For the reasons presented below, the Court **DENIES** both motions.

## I.        Background

In 1997, Plaintiff Susan Brana formed Consolidated Growers and Processors to promote the industrial hemp business.[7] Plaintiff hired Defendant Moravcik to manage

---

[1] Doc. 1.
[2] *Id.*
[3] Doc. 9.
[4] Doc. 15.
[5] Doc. 16.
[6] Doc. 17.
[7] Doc. 1.

Case No. 1:19-cv-2802
Gwin, J.

Consolidated Growers' public and media relations.[8]   In that role, Defendant Moravcik

physically entered Ohio once for a speaking engagement regarding industrial hemp with the

Ohio Farmers Union.[9]

Shortly thereafter, in 1998, Plaintiff and Defendant's business relationship soured,

and Defendant Moravcik left Consolidated Growers.[10]

In 2018, Defendant started a website dedicated to providing historical background

on the industrial hemp trade.[11]  The website contains statements arguably saying that Plaintiff

committed fraudulent acts while working for Consolidated Growers in the late 1990s.[12]

Plaintiff continues to engage in business activities requiring investor capital.[13]  Plaintiff

attaches to her complaint an October 7, 2019 letter in which an investment firm rescinded

an offer to provide funds for one of Plaintiff's ventures upon reading the allegations on

Defendant's website.[14]

On December 2, 2019, Plaintiff sued Defendant for libel based on the website

statements.[15]  This Court, however, granted Defendant's motion to dismiss the suit for lack

of personal jurisdiction.[16]

Plaintiff now moves the Court to reconsider the personal jurisdiction dismissal[17] and

moves for judgment on the pleadings.[18]  The Court now turns to these motions.

---

[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] Doc. 1-6.
[15] Doc. 1.
[16] Doc. 15.
[17] Doc. 16.
[18] Doc. 17.

Case No. 1:19-cv-2802
Gwin, J.

## II.    Discussion

Here, the Court dismissed Plaintiff Brana's suit for lack of personal jurisdiction over

Defendant Moravcik, a Canadian citizen residing in Canada.[19]    Plaintiff argues that

Defendant's irregular Ohio contacts give the Court specific personal jurisdiction over him.[20]

But even assuming the truth of Plaintiff's allegations, she has not demonstrated that this Court

has personal jurisdiction over Defendant.

Federal courts apply the forum state's law, tempered by due process considerations,

to determine if they have personal jurisdiction over a defendant.[21]   Ohio's long-arm statute

permits an Ohio court to exercise non-resident personal jurisdiction for claims arising from

the non-resident's Ohio transactions.   Nevertheless, a plaintiff must still show that this Court

exercising personal jurisdiction would be consistent with due process.[22]

The Sixth Circuit applies a three-part test to determine whether due process allows a

court to exercise specific personal jurisdiction:

> First, the defendant must purposefully avail himself of the privilege of acting
> in the forum state or causing a consequence in the forum state. Second, the
> cause of action must arise from the defendant's activities there. Finally, the acts
> of the defendant or consequences caused by the defendant must have a
> substantial enough connection with the forum to make the exercise of
> jurisdiction over the defendant reasonable.[23]

Regarding the first prong, "main[taining] [a] website, in and of itself, does not

constitute the purposeful availment of the privilege of acting in [Ohio]."[24]   Rather, "[a]

---

[19] Doc. 15.
[20] Doc. 16.
[21] *See Parker v. Winwood*, 938 F.3d 833, 839 (6th Cir. 2019).
[22] *Id.*
[23] *Means v. U.S. Conference of Catholic Bishops*, 836 F.3d 643, 649 (6th Cir. 2016) (quoting *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).
[24] *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 890 (6th Cir. 2002).

Case No. 1:19-cv-2802
Gwin, J.

defendant purposefully avails itself of the privilege of acting in a state through its website if the website is interactive to a degree that reveals specifically intended interaction with residents of the state."[25]

Here, Plaintiff does not claim, and the attached screenshots of Defendant's website do not indicate, that the website is targeted at or specifically intended for Ohio residents. Defendant's use of the website thus does not constitute purposeful availment of Ohio law.[26]

Plaintiff's contrary argument focuses on her Ohio residency and reputational harm resulting from Defendant's statements.  But, as the Supreme Court recently made clear in *Walden v. Fiore*, "mere injury to a forum resident is not a sufficient connection to the forum" to show purposeful availment.[27]  Rather, the defendant's contacts with the forum state, and not the plaintiff's, must be the purposeful availment inquiry's focus.[28]

Here, as in *Walden*, Defendant's conduct is not "tethered to [Ohio] in any meaningful way."[29]  Defendant's website is accessible internationally, and the website's content and interface show no Ohio focus.[30]

Nor do the website statements concern the Plaintiff's Ohio activities.[31]  Ohio is mentioned only once among many places involved in an international trade agreement.[32]

---

[25] *Id.*
[26] *Id.*
[27] 571 U.S. 277, 290 (2014).
[28] *See id.* at 279 (quoting *Rush v. Savchuk*, 444 U.S. 320, 332 (1980) ("[A] plaintiff's contacts with the forum State cannot be 'decisive in determining whether the defendant's due process rights are violated.'")).
[29] *Id.* at 290.
[30] *Neogen Corp.*, 282 F.3d at 890.
[31] Doc. 1-3 ([Plaintiff] had put out a false news report *to the world* to deceive investors . . . .") (emphasis added);
[32] Doc. 1-1; Doc 1-3.

Case No. 1:19-cv-2802
Gwin, J.

Plaintiff's Ohio residency, without more, does not give this Court personal jurisdiction over Defendant.[33]

In a last gasp, Plaintiff argues that personal jurisdiction over Defendant is proper because he physically entered Ohio and participated in one speaking engagement.[34] While this might be sufficient under different circumstances, Plaintiff has not shown that her "cause of action . . . arise[s] from the defendant's [Ohio] activities," as she must to establish specific personal jurisdiction.[35]

Because Plaintiff's motion to reconsider is meritless, the case remains dismissed, and Plaintiff's motion for judgment on the pleadings is denied.

### III.     Conclusion

For these reasons, the Court **DENIES** Plaintiff's motion to reconsider the personal jurisdiction dismissal and **DENIES** Plaintiff's motion for judgment on the pleadings.

IT IS SO ORDERED

Dated:  October 6, 2020

s/     _James S. Gwin_
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[33] *Walden*, 571 U.S. at 279, 290; *see also Cadle Co. v. Schlichtmann*, 123 F. App'x 675, 679–80 (6th Cir. 2005) ("[W]hile the 'content' of the publication was about an Ohio resident, it did not concern that resident's Ohio activities.  Furthermore, nothing on the website specifically targets or is even directed at Ohio readers, as opposed to the residents of other states.").
[34] Doc. 16.
[35] *Means*, 836 F.3d at 649.